FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   FEB 01 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

ANTONIO RIVERA,

Petitioner,

-against-

**ORDER**
11-CV-5579(SJF)

UNITED STATES OF AMERICA and
LORETTA E. LYNCH, United States Attorney,

Respondents.
_____X

FEUERSTEIN, J.

On May 26, 2011, petitioner Antonio Rivera ("petitioner") was convicted, upon a jury

verdict, of one (1) count of conspiracy to commit sex trafficking by means of force, fraud and

coercion in violation of, *inter alia*, 18 U.S.C. §§ 371 and 1591(a) (2008) (count one of the

superceding indictment); one (1) count of conspiracy to commit sex trafficking in violation of, *inter

alia*, 18 U.S.C. §§ 1594(c) and 1591(a) (2009)[1] (count fourteen of the superceding indictment); four

(4) counts of sex trafficking by means of force, fraud and coercion in violation of, *inter alia*, 18

U.S.C. §§ 1591(a) and (b)(1) (2008) (counts two through five of the superceding indictment); two

(2) counts of sex trafficking by means of force, fraud and coercion in violation of, *inter alia*, 18

U.S.C. §§ 1591(a) and (b)(1) (2009) (counts fifteen and sixteen of the superceding indictment); one

(1) count of conspiracy to commit forced labor in violation of, *inter alia*, 18 U.S.C. §§ 371 and

1589 (2008) (count six of the superceding indictment); one (1) count of conspiracy to commit

---

[1] 18 U.S.C. § 1591 was amended by the William Wilberforce Trafficking Victims
Protection Reauthorization Act of 2008 ("TVPRA"), Pub. L. 110-457, 122 Stat. 5044, Title II, §
222(b)(5), enacted on December 23, 2008.

forced labor in violation of, *inter alia*, 18 U.S.C. §§ 1589(d) and 1594(b) (2009)[2] (count seventeen

of the superceding indictment); seven (7) counts of forced labor in violation of, *inter alia*, 18 U.S.C.

§ 1589 (2008) (counts seven through thirteen of the superceding indictment); four (4) counts of

forced labor in violation of, *inter alia*, 18 U.S.C. §1589 (2009) (counts eighteen through twenty-one

of the superceding indictment); one (1) count of conspiracy to transport and harbor aliens in

violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (count twenty-two of the superceding indictment);

seven (7) counts of transportation of aliens within the United States in violation of, *inter alia*, 8

U.S.C. § 1324(a)(1) (counts twenty-three through twenty-nine of the superceding indictment); and

seven (7) counts of alien harboring in violation of, *inter alia*, 8 U.S.C. § 1324(a)(1) (counts thirty

through thirty-six of the superceding indictment). Petitioner has not yet been sentenced upon that

conviction. On November 9, 2011, petitioner filed the instant petition pursuant to 28 U.S.C. § 2255

("Section 2255") challenging his conviction as procured in violation of, *inter alia*, his rights under

the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Section 2255(a) provides, in relevant part, that "[a] prisoner in custody *under sentence* of a

[federal] court * * * may move the court which imposed the sentence to vacate, set aside or correct

the sentence." (emphasis added). Section 2255(b) further provides, in relevant part, that "[i]f the

court finds that *the judgment* was rendered without jurisdiction, or that *the sentence* imposed was

not authorized by law or otherwise open to collateral attack, or that there has been such a denial or

infringement of the constitutional rights of the prisoner as to render *the judgment* vulnerable to

collateral attack, the court shall vacate and set *the judgment* aside * * *." (emphasis added). Since

petitioner has not been sentenced and, therefore, no judgment of conviction has yet been entered

against him, Section 2255 is, by its terms, inapplicable. See, e.g. United States v. McLaughlin, 89

---

[2] 18 U.S.C. § 1589 was also amended by the TVPRA, Pub. L. 110-457, Title II, § 222(b)(3).

F. Supp.2d 617, 629-30 (E.D. Pa. 2000) (finding that an application pursuant to Section 2255 would be premature because the defendant was not under any sentence of federal court); United States v. St. Pierre, 62 F. Supp.2d 1332, 1338 (M.D. Fla. 1999) (holding that the court lacked jurisdiction to consider the matter as a Section 2255 motion because the defendant had not yet been sentenced); United States v. Slay, 673 F. Supp. 336, 341-42 (E.D. Mo. 1987) (holding that Section 2255 does not apply to defendants who have not yet been sentenced).

Moreover, the petition cannot be construed as having been brought pursuant to 28 U.S.C. § 2241(c)[3] because, *inter alia*, federal jurisdiction to hear habeas claims challenging the validity of a federal judgment of conviction or sentence is limited to Section 2255 unless the petitioner can show that a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." Cephas v. Nash, 328 F.3d 98, 103-04 (2d Cir. 2003). If such a showing of inadequacy or ineffectiveness cannot be made, Section 2241 cannot be invoked. Id. Since petitioner has an adequate and effective remedy available to challenge a judgment conviction once one has been entered against him, e.g., a direct appeal and/or a properly filed application for relief under Section 2255, this Court lacks jurisdiction to consider the instant petition as a Section 2241 petition.

For the reasons set forth above, the Section 2255 petition is dismissed without prejudice as premature.

**SO ORDERED.**

SANDRA J. FEUERSTEIN
United States District Judge

Dated:      February 1, 2012
            Central Islip, New York

---

[3] Section 2241(c) provides generally that a federal court may grant a writ of habeas corpus on behalf of a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."

3